IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) | C/A No. 0:13-2456-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of Corrections; ) | |
| Tyger River Correctional Institution; Tim ) | |
| Riley, Warden Tyger River Correctional; ) | |
| William R. Byars, Jr., Director of South ) | |
| Carolina Department of Corrections; Richard ) | |
| Turner; John E. Ozmint; Gary Lane; Laura ) | |
| Caldwell; S. Edmisten; Sgt. McMorris; FSD ) | |
| Fowler; David Tatarsky, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    By order issued on September 16, 2013, the court allowed Plaintiff an opportunity to bring this case into proper form for initial review. (ECF No. 6.) Plaintiff has complied with the court's order.

**MOTION TO AMEND:**

    On October 10, 2013, Plaintiff filed a Motion seeking to amend this case to add claims and parties associated with an alleged denial of medical care after an automobile accident on July 25, 2013. (ECF No. 16 at 2.) Rule 20 of the Federal Rules of Civil Procedure allows joinder of defendants if their conduct arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff's motion seeks to add claims and parties to this action for a separate, unrelated incident. As the purported defendants' actions did not arise out of the same transaction or occurrence giving rise to this case, Plaintiff's motion to amend is denied.[1]

---

[1] Plaintiff may file a separate civil action raising the claims asserted in his Motion.

PJG

**MOTION TO APPOINT COUNSEL:**

Plaintiff's Amended Complaint seeks the appointment of counsel. (ECF No. 8 at 8.) As stated in Plaintiff's proper form order, (ECF No. 6 at 1), there is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's Amended Complaint fails to demonstrate that any exceptional circumstances exist in this case. After a review of the pleading, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[2] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), a Financial Certificate, and an Inmate Trust Fund Account Report, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. (ECF No. 9.)

---

[2] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.



**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2013
Columbia, South Carolina