IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, | ) C/A No. 0:13-2456-RMG-PJG |
|                    Plaintiff, | ) |
| v. | ) |
| South Carolina Department of Corrections; Tyger River Correctional Institution; Tim Riley, Warden Tyger River Correctional; William R. Byars, Jr., Director of South Carolina Department of Corrections; Richard Turner; John E. Ozmint; Gary Lane; Laura Caldwell; S. Edmisten; Sgt. McMorris; FSD Fowler; David Tatarsky, | ) **REPORT AND RECOMMENDATION** |
|                    Defendants. | ) |

The plaintiff, Brian Keith Nesbitt ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate confined at Tyger River Correctional Institution ("TRCI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint and Motion for Preliminary Injunction and Temporary Restraining Order ("TRO Motion") in accordance with applicable law, the court concludes that the Amended Complaint (ECF No. 8) should be summarily dismissed without prejudice and without the issuance and service of process, and the TRO Motion should be denied (ECF No. 22).

### I.     Factual and Procedural Background

Plaintiff filed a self-styled Complaint alleging an attack at Evans Correctional Institution ("ECI") in June of 2008. (ECF No. 1 at 1.) Plaintiff referenced a prior civil action filed in this court,

Nesbitt v. South Carolina Dep't of Corr., C/A No. 3:08-2028-CMC-JRM (D.S.C. May 30, 2008), which is allegedly connected to Plaintiff's transfer to ECI. (Id.) Plaintiff's Complaint sought injunctive relief. (Id.) Because Plaintiff failed to provide documents necessary for initial review, the court issued an order on September 16, 2013, allowing Plaintiff an opportunity to bring the case into proper form. (ECF No. 6.) Plaintiff responded to the court's order by filing an Amended Complaint, which added defendants and claims to this action. (ECF No. 8.)

Plaintiff's Amended Complaint alleges that the South Carolina Department of Corrections ("SCDC") has improperly calculated his two consecutive ten-year sentences in such a manner that Plaintiff will lose good conduct time credits. (Id. at 3.) Plaintiff further claims that SCDC and "their facility" have retaliated against Plaintiff for initiating grievances by orchestrating false disciplinary actions, and have "repeatedly deviated from their Policy/Procedure in disciplinary, as well as grievance procedures." (Id.) Plaintiff alleges a grievance coordinator prevented him from "raising legitimate claims" and "made discriminatory reasons for job termination." (Id. at 4.) Plaintiff names Sgt. McMorris for confiscating legal papers, materials, and books, and Richard Turner for failing to be impartial or allow Plaintiff to present evidence during a disciplinary hearing. (Id.) Plaintiff alleges that his disciplinary conviction resulted in the loss of good conduct time and the receipt of a less favorable classification. (Id. at 5.)

Plaintiff claims that SCDC uses the inmate grievance system to immunize itself and its employees. (Id. at 6.) Plaintiff further alleges that Defendants Tim Riley, Gary Lane, and Ms. Caldwell failed to answer Plaintiff's grievances or investigate his claims. (Id. at 6–7.) Plaintiff believes all defendants are conspiring to deny Plaintiff his constitutional right to due process. (Id.) Plaintiff asks this court to reverse his disciplinary convictions and return his good conduct time

credits.  (Id. at 8.)  Plaintiff also seeks injunctive relief, monetary damages, and appointment of counsel.  (Id.)

II.  Discussion

   A.    **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

### 1. Individual liability

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677–78; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. In this case, the Amended Complaint provides no factual allegations against the following defendants to demonstrate that they personally violated Plaintiff's constitutional rights: William R. Byars, Jr.; John E. Ozmint; S. Edmisten; FSD Fowler; and David Tatarsky. Therefore, these

defendants are entitled to summary dismissal from the case for any individual capacity claims alleged by Plaintiff.

### 2. Supervisory liability

A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. In the present action, Plaintiff identifies William R. Byars, Jr., as the Director of SCDC. (ECF No. 8 at 1.) John E. Ozmint is the former director of SCDC. However, Plaintiff provides no factual allegations to show that Defendants Byars and Ozmint were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Thus, Plaintiff provides no facts to proceed on such a theory under Fourth Circuit precedent. Therefore, Defendants Byars and Ozmint are also entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff.[2]

### 3. Improper defendant

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell, 436 U.S. at 690 n.55. Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons"

---

[2] It is unclear from the Amended Complaint whether Defendants Edmisten, Fowler, or Tatarsky are named in a supervisory capacity. To the extent they are, such claims are likewise subject to summary dismissal.

Page 6 of 15



and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). In this case, Plaintiff sues TRCI, a facility used primarily to house state prisoners. As this defendant is not a "person" amenable to suit under § 1983, TRCI is entitled to summary dismissal.

### 4.  Eleventh Amendment immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3]  Therefore, Plaintiff's claims against SCDC, a state agency, are barred by the Eleventh Amendment. As such, SCDC is entitled to summary dismissal from this action.

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).



### 5. Grievance process claims

Inmates have no constitutionally protected right to a grievance procedure.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); Blagman v. White, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Therefore, Plaintiff's claims against Defendants Riley, Lane, and Caldwell for denying Plaintiff access to the grievance process, (ECF No. 8 at 6–7), are not cognizable under § 1983.[4]

### 6. Disciplinary conviction claims

Plaintiff contends that Defendant Richard Turner violated his right to due process during the disciplinary process.  (ECF No. 8 at 4.)  It is true that disciplinary proceedings that implicate a protected liberty interest demand due process.  See Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974).  However, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in Heck to a prisoner's claim for damages

---

[4] Plaintiff also lists the following individuals as SCDC employees who failed to respond to Plaintiff's grievances: Shift Captain Cummings; Major J. Parrish; Captain Nance; and Silvia Porter. (ECF No. 8 at 6–7.)  However, these individuals are not named as defendants in the caption or "parties" section of the Amended Complaint, and Plaintiff failed to provide service documents for them.  Therefore, Cummings, Parrish, Nance, and Porter are not listed as defendants on the court's docket.  To the extent Plaintiff alleges claims against them for failing to process his grievances, such claims would be subject to summary dismissal for the same reasons discussed above.



regarding loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

While Heck does not universally apply to all suits challenging prison disciplinary proceedings, in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim. See Muhammad v. Close, 540 U.S. 749, 751 (2004) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). In this case, Plaintiff indicates that he lost good time credits as a result of the disciplinary conviction, but provides no facts to demonstrate that his institutional conviction has been invalidated. (ECF No. 8 at 5.) Because Heck's favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings of Heck and Edwards. Further, to the extent Plaintiff may be seeking the return of any earned good conduct time or earned work credits, such relief is unavailable in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, Plaintiff's due process claims associated with his prison disciplinary convictions are subject to summary dismissal.

### 7. Court access claims

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. See Lewis v. Casey, 518 U.S. 343, 349



(1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library).  Plaintiff must make specific allegations as to the actual injury sustained.  See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").  Plaintiff claims that Defendant McMorris confiscated Plaintiff's legal papers and books.  (ECF No. 8 at 4.)  However, Plaintiff provides no facts to demonstrate prejudice to any pending legal action.[5]  Therefore, to the extent Plaintiff is alleging a denial of court access, his claim must fail.[6]

### 8. Conspiracy claims

Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations.  Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir.

---

[5] The court notes that Plaintiff submitted a letter on November 6, 2013, alleging denial of court access by TRCI Librarian M. McCabe and "obstruction of justice by [TRCI] mailroom by acts of preventing Plaintiff from making copies" necessary to bring this case into proper form. (ECF No. 20 at 1–2.)  As Plaintiff has provided sufficient information for initial review of the Amended Complaint, the alleged actions of TRCI library and mail room employees have not prejudiced Plaintiff's ability to litigate this case.  As such, any claims against these individuals for denial of court access would be subject to summary dismissal.

[6] Plaintiff further states that Major Mickens and Sgt. Duncan confiscated legal materials.  These parties are not listed on the court's docket because Plaintiff failed to name them as defendants in the Amended Complaint's caption or "parties" section and failed to provide service documents for them. To the extent Plaintiff intended to allege claims against Mickens and Duncan for a denial of court access, such claims are subject to summary dismissal as discussed above.



1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). In the present action, Plaintiff provides no concrete facts to demonstrate that defendants came to any mutual understanding, or acted "jointly in concert" to deprive Plaintiff of any constitutional right. See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996); see also Ruttenberg v. Jones, No. 07-1037, 2008 WL 2436157 (4th Cir. June 17, 2008). Thus, defendants are entitled to summary dismissal from this case for Plaintiff's allegations of a conspiracy arising under § 1983 or § 1985.

### 9. State law claims

Because Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised by Plaintiff. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### 10. Motion for Preliminary Injunction and Temporary Restraining Order

Plaintiff's motion alleges that "he is the subject of harassment, intimidation, and interference in retaliation for having filed" civil actions in this court. (ECF No. 22 at 2.) Plaintiff alleges "threats ranging from verbal abuse to intended disciplinary action and sanctions for alleged violations of SCDC policy." (Id. at 3.) Plaintiff asks the court to issue an order directing defendants to: (1) cease "all forms of harassment, intimidation and interference which obstructs hinders,



prevents, and retards" Plaintiff's access to the court; (2) allow Plaintiff access to copies, legal correspondence, supplies, law library books and materials during his appointed time in the institutional law library; and (3) stop "harassing intimidating and interfering with Plaintiff while he is actively pursuing his claims for relief." (Id. at 3–4.)

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[7] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20–23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. See Real Truth, 575 F.3d at 346–47.[8] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

---

[7] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345–47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[8] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21–23.



In the instant motion, Plaintiff has not satisfied the required elements and has failed to demonstrate that the alleged circumstances warrant the extraordinary remedy he seeks. As stated above, the reviewing court need only accept as true a pleading's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. The TRO Motion provides only bare allegations of a denial of court access and retaliation. See Lewis, 518 U.S. at 349; Adams, 40 F.3d. at 74–75 (an inmate must present more than conclusory accusations of retaliation and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation). Therefore, Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims.

Plaintiff's motion further asserts that, if relief is not granted, Plaintiff could be sanctioned for violations of prison policy and that his ability to litigate this case could be frustrated. (ECF No. 22 at 3.) However, Plaintiff's allegations rest on mere speculation or conjecture, as he fails to demonstrate any pending prison disciplinary sanctions or current impediment to his court access. See Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief); see also Cochran, 73 F.3d at 1317 ("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations."). In addition, Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor, and fails to show how public interest would be served by the issuance of a preliminary injunction or temporary restraining order. As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motion should be denied.



### III. Conclusion and Recommendation

Accordingly, the court recommends that the Amended Complaint (ECF No. 8) be summarily dismissed without prejudice and without issuance and service of process, and that plaintiff's motion (ECF No. 22) be denied.

December 2, 2013  
Columbia, South Carolina

*/s/ Paige J. Gossett*  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).