IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> South Carolina Department of Corrections; ) <br> Tyger River Correctional Institution; Tim ) <br> Riley, Warden Tyger River Correctional; ) <br> William R. Byars, Jr., Director of South ) <br> Carolina Department of Corrections; ) <br> Richard Turner; John E. Ozmint; Gary ) <br> Lane; Laura Caldwell; S. Edmisten; Sgt. ) <br> McMorris; FSD Fowler; David Tatarsky, ) <br> ) <br> Defendants. ) <br> _____) | No. 0:13-cv-2456-RMG <br><br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915, and deny Plaintiff's motion for a temporary restraining order or preliminary injunction. (Dkt. No. 25). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner, filed this action pro se and in forma pauperis. (Dkt. No. 8). Plaintiff also filed a motion for a temporary restraining order or preliminary injunction. (Dkt. No. 22). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404

U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Following this review, the Magistrate Judge issued the present R&R. (Dkt. No. 25). Plaintiff then filed timely objections to the R&R. (Dkt. No. 27).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After careful review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court.

Plaintiff makes several objections to the dismissal of this action but they are unpersuasive. Plaintiff objects to dismissal of his claim because he argues prison officials violated the rules governing the processing of grievances. However, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, Plaintiff argues that he was wrongfully found guilty of certain charges which resulted in the loss of good time credit. The Court agrees with the Magistrate Judge that *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), bars Plaintiff's § 1983 claim because he has not alleged his institutional conviction has been invalidated. Plaintiff also asserts that his First

Amendment rights were violated when prison officials retaliated against him for filing grievances. However, these allegations are merely conclusory, and the Court agrees with the Magistrate Judge that should also be dismissed. *See Adams*, 40 F.3d at 74 (holding that inmates have no constitutional right to a grievance procedure and that conclusory allegations of retaliation fail to state a claim under § 1983). Plaintiff also objects to dismissal of his court access claims because he argues the prison librarian and postal director tried to dissuade him from filing this claim. Again, the Court agrees with the Magistrate Judge that Plaintiff's claim should be dismissed for failure to make an allegation of actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Finally, Plaintiff's objections attempt to add more Defendants as well as a cause of action for deliberate indifference to his medical needs. The Court finds these are not proper objections and the Court cannot expand the scope of Plaintiff's complaint in this manner.

The Court further agrees with the Magistrate Judge that Plaintiff cannot show he is entitled to a temporary restraining order or preliminary injunction. Plaintiff makes the conclusory argument in his objections that he has satisfied the elements necessary to obtain an injunction. However, the Court agrees with the Magistrate Judge that Plaintiff cannot establish a likelihood of success on the merits of his claim or irreparable harm.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 25). Accordingly, the Court dismisses this action without prejudice and without issuance and service of process and denies Plaintiff's motion for a temporary restraining order or preliminary injunction. (Dkt. No. 22).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

January 8, 2014
Charleston, South Carolina

4